**Mohammed Jafar ULLAH, Petitioner,**

**v.**

**Michael CHERTOFF,[1] in his capacity as Secretary of the Department of Homeland Security, Department of Homeland Security, Bureau of Immigration & Customs Enforcement, Respondents.**

**Nos. 04–3703–ag(L); 04–6189–ag(Con).**

United States Court of Appeals, Second Circuit.

Aug. 23, 2006.

automatically substituted for former Secretary Thomas Ridge as the respondent in this case.

Michael A. Zimmerman, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Edward Scarvalone, Andrew W. Schilling, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. DENNIS JACOBS, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Mohammed Jafar Ullah petitions for review of the BIA's June 2004 denial of his motion to reopen his removal proceedings as well as the BIA's October 2004 denial of his motion to reconsider the denial of his prior motion to reopen. We presume the parties' familiarity with the underlying facts and procedural history of the case.

 This Court reviews the BIA's denial of motions to reopen and reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). The 90–day filing deadline for filing motions to reopen may be tolled in order to avoid inequitable circumstances, such as when a petitioner has suffered ineffective assistance of counsel. *Iavorski v. United States INS,* 232 F.3d 124, 129, 134 (2d Cir.2000). Equitable tolling is permitted until the fraud or concealment is, or should have been, discovered by a reasonable person in the situation, thereby requiring the petitioner to exercise due diligence in bringing forth his motion to reopen. *Id.* at 134. Because neither Ullah nor his counsel offered any statements in the motion to reopen as to why it took ten months beyond the 90–day deadline to file the motion to reopen, it was not an abuse of discretion for the BIA to deny the motion on account of his failure to meet the due diligence requirement. Ullah argues, alternatively, that the BIA should have exercised its *sua sponte* authority under 8 C.F.R. § 1003.2(a) to reopen Ullah's removal proceedings when

Ullah demonstrated that ineffective assistance of counsel prejudiced his asylum claim. However, this Court lacks jurisdiction to review the BIA's decision not to reopen a petitioner's proceedings *sua sponte*. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006).

In Ullah's motion to reconsider, he offered evidence that he searched for attorneys soon after the BIA's November 2002 denial of his appeal and retained Attorney Zimmerman in March 2003, and that Attorney Zimmerman filed the motion to reopen shortly after recovering from back surgery. Counsel did not indicate why he had failed to file the motion shortly after he was retained by Ullah. The BIA frequently extends briefing deadlines, so it seems that counsel would have been prudent to file the motion sooner and request an extension of time to file his brief and supporting documentation. Therefore, we find that the BIA did not abuse its discretion in finding that Ullah failed to allege circumstances justifying the tolling of the ten months beyond the deadline for filing his motion to reopen.

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DENIED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).